PLANQUE *v.* MARK.

4-9797                                        249 S. W. 2d 123

Opinion delivered May 26, 1952.

*F. O. Butt,* for appellant.

*A. J. Russell,* for appellee.

GRIFFIN SMITH, Chief Justice. Perry C. Mark held title to certain lands in Eureka Springs on East Mountain. His agent, N. Bare, entered into a verbal contract with C. F. Planque to sell the unimproved property for $3,500. Ten percent of the purchase price was paid, the balance to become due when good title was shown. The

area presumptively embraced approximately seven acres. The transaction appears to have been handled informally, resulting in protracted delays. Planque ascertained that a spring and lands reserved to the City were embraced within the tract shown him by Bare and refused to consummate the deal. Mark's circuit court action was transferred to equity where Bare intervened. The seller's contention was that the contract had been breached and that he was entitled to the $350 as a forfeit. The court dismissed Bare's intervention, directed costs to be paid from the deposit, including an attorney's fee of $100 to Bare's attorney, and the residue to be turned over to Mark. Each principal appealed.

The evidence is convincing that Bare was Mark's agent. When Planque was ready to inspect the property Mark was sick, but Mrs. Mark went with Bare to show him in a general way what she knew about the tract. Her testimony and Bare's are at sharp variance. Bare was certain that definite representations were made regarding corners. Mrs. Mark emphatically denied the details, saying that she did not know where the specific points were and therefore could not have given the information attributed to her.

Our view is that the case turns on Bare's frank admission that Mark could not convey the property shown to Planque. Appellee objects that the long delay—about nine months from sale to suit—during which Planque's only objection related to a telephone line—gave implied acquiescence in the title and description. A 64-page abstract was delivered to F. O. Butt, attorney. His letter of Sept. 23, 1950, refers to numbered lots in Blocks 202 and 221, "and balance of Block 221". In the opinion it is stated that the lots were described "per R. & A. Plat of the City of Eureka Springs, but from such plat it is impossible to find or locate the lots described, or their lines or boundaries". Planque was advised "to determine definitely if the lands sold you are occupied by any adverse claimants, definitely where the boundaries lie—and, in accepting title, require such boundaries to be expressed. . . ."

Mark testified that he was not requested, during a period of approximately nine months, to meet any of the requirements. He was asked to have the telephone line removed, and this was done without cost.

Appellee refers to the abstract delivered to appellant's attorney, calling attention to the fact that appellee's predecessor in title was Belford and Rowena Howard, in whom title to Blocks 202 and 221 was quieted in a chancery proceeding, *ex parte*. The point at issue, however, is whether through inadvertence Bare, as Mark's agent, pointed to property not susceptible of conveyance. Bare, at Planque's request, procured a surveyor and identified the south line Mrs. Mark is said to have had identified. From this beginning the surveyor ran the lines. The area plotted included a substantial "jutting" of City property. The surveyor used Mark's deed and descriptions contained in the Howard decree. His conclusions were that Blocks 202 and 221 were not plotted, "and as a surveyor it was impossible to find or locate any such lots. I could locate these two blocks, but there was no method known to me to find the lots [mentioned in the Howard decree"].

The decree is reversed, with directions that appellant's deposit be refunded. But due to the long delay occasioned by a lack of initiative by either party, costs will be adjudged equally against the litigants. This includes the survey.